UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHARLES AGHOGHO EJINYERE,

        Defendant.

_____/

No. 1:17-CR-44

Hon. Robert J. Jonker
Chief U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Charles Aghogho Ejinyere ("Defendant") and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges Defendant conspiracy to make a false claim against the United States in violation of Title 18, United States Code, Section 286.

2.    <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 18, United States Code, Section 286, the following must be true: (1) Defendant entered into a conspiracy to obtain payment or allowance of a claim against a department or agency of the United States; (2) the claim was false, fictitious, or fraudulent; (3) Defendant knew or was deliberately ignorant of the claim's falsity, fictitiousness, or fraudulence; (4) Defendant knew of the conspiracy and intended to join it; and (5) Defendant

voluntarily participated in the conspiracy. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 286, is the following: 10 years' imprisonment, three years of supervised release, and a fine of $250,000 or twice the gross gain or loss resulting from the offense. There is a mandatory special assessment of $100. Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Mandatory Restitution</u>. Defendant understands that he will be required to pay full restitution as required by law. Defendant agrees that the restitution order is not restricted to the amounts alleged in the count to which Defendant is pleading guilty. The parties currently believe that the applicable amount of restitution is $514,823, but recognize and agree that this amount

could change based on facts that come to the attention of the parties prior to sentencing.

6. <u>Potential Collateral Consequences</u>.  Defendant understands that the conviction in this case may subject him to removal from the United States, denial of citizenship, and/or denial of admission to the United States in the future.  He also understands that, depending on the circumstances, the conviction may affect his immigration status in other countries.

7. <u>Factual Basis of Guilt</u>.  Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing: From no later than December 2014 and continuing to about February 2016, Defendant and co-defendant Oghenevwakpo Igboba ("Igboba") worked together, and with other people, to gather personally identifiable information ("PII") belonging to other individuals with the intent to file fraudulent income tax returns with the U.S. Department of Treasury, Internal Revenue Service ("IRS") using the names and social security numbers of those individuals.  Defendant and Igboba used the unlawfully-acquired PII to file with the IRS numerous false and fraudulent federal income tax returns in the names of other individuals claiming tax refunds from the Department of the Treasury to which they were not entitled. Defendant knew those tax returns and claims for refunds were false, fictitious, and fraudulent.  Igboba received multiple, fraudulently-obtained refunds in bank and credit union accounts that belonged to him, his businesses, or other associates, including in the Western District of Michigan, and transferred a

3

relatively small portion of that money to Ejinyere. Defendant knew that he was working with Igboba and others for this unlawful purpose, and Defendant did so voluntarily.

8. <u>Cooperation in Criminal Investigations</u>. Defendant agrees to fully cooperate with the Internal Revenue Service (IRS), the Treasury Inspector General for Tax Administration (TIGTA), the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in this Indictment, as well as the investigation of crimes over which they have actual or apparent jurisdiction. Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in Defendant's possession or under Defendant's control, including, but not limited to, objects, documents, and photographs. Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which Defendant should reasonably know will assist in the investigation of other criminal activity. Defendant will not commit any criminal offense during the course of his cooperation with the United States. Defendant will submit to polygraph examination(s) upon request. Defendant's obligation under this paragraph is

a continuing one, and shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

9. <u>Dismissal of Other Counts</u>. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against Defendant at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

10. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a). However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to § 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to § 3E1.1(b).

11. <u>Section 1B1.8 Protection for Proffered Statements</u>. The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffer(s), and any information provided pursuant to Defendant's

promise to cooperate as described in this agreement, will not be used by the Government to enhance Defendant's sentence, in accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s). It is expressly understood, however, that such information may be used by the Government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement.

12. <u>Possibility of Sentence Reduction Motions</u>. The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines Section 5K1.1 and/or Rule 35(b) of the Federal Rules of Criminal Procedure. Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determination of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, will be made in the sole discretion of the U.S. Attorney's Office. Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court—not the Government—would decide how much of a sentence reduction

Defendant receives based upon the nature and extent of Defendant's assistance. Finally, Defendant understands that in weighing the decision whether to file any request that the Court depart downward in recognition of defendant's cooperation, the government will consider the benefits conveyed to defendant in this agreement including those included in paragraph 9 above. Defendant acknowledges and agrees that Defendant may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

13. <u>Credit for Custody</u>. The Government intends and agrees that Defendant receive credit toward his sentence for the 16 months he spent in custody in the United Kingdom pending extradition on this case. Defendant acknowledges that the Government's recommendation is not legally binding on the Court or the Bureau of Prisons.

14. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the

7

Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea. Defendant and the U.S. Attorney's Office have no agreement as to the final Sentencing Guidelines range, and each reserves the right to argue that additional specific offense characteristics, adjustments, and departures are appropriate.

15. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against Defendant.

    d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

16.  <u>Waiver of Other Rights</u>.

    a.    <u>Waiver</u>.  In exchange for the promises made by the Government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

    b.    <u>Exceptions</u>. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

        1)    Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

        2)    Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

    3)    the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

    4)    Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

    5)    the guilty plea was involuntary or unknowing; or

    6)    an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

    17.    <u>FOIA Requests</u>.  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

    18.    <u>The Court Is Not a Party to this Agreement</u>.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for

that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

19. <u>This Agreement Is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

20. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the

prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

21. <u>This Is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

22. <u>Deadline for Acceptance of Agreement</u>.  If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by February 28, 2019, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

ANDREW BYERLY BIRGE
United States Attorney

2/25/2019
Date

SALLY J. BERENS
CHRISTOPHER M. O'CONNOR
Assistant United States Attorneys

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

2/25/18
Date

CHARLES AGHOGHO EJINYERE
Defendant

I am Charles Aghogho Ejinyere's attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

2/25/18
Date

LARRY C. WILLEY
Attorney for Defendant